# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 12-1397-CV-DGK |
| v. | ) ) ) |
| DAVID HALPHIN, et al., | ) ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CROSSCLAIM

This action arises from a dispute between Plaintiff Western World Insurance Company ("Western"), its insured, Defendant Airrington Roofing Guttering and Siding d/b/a Airrington ("Airrington"), and several other defendants over insurance coverage for a March 11, 2011 roof fire in Grain Valley, Missouri. Pending before the Court is Plaintiff's motion to dismiss Defendant LTJ Management, LLC's ("LTJ") crossclaim (Doc. 24). Because LTJ's crossclaim does not arise out of the same transaction or occurrence that is the subject matter of the original action and does not relate to property that is the subject of the original action, Plaintiff's motion is GRANTED.[1]

### Background

On March 11, 2011, a fire damaged a building in Grain Valley, Missouri ("the Property") owned by Defendants David and Crystal Halphin ("the Halphins").[2] The Halphins maintain that Defendant Airrington Roofing Guttering and Siding caused the fire at the Property through faulty and negligent roofing work.

---

[1] The Court has also considered Docs. 25 and 26.
[2] The building was located at 505 S. Main Street, Grain Valley, Missouri.

At the time of the fire, Airrington was insured through a commercial general liability insurance policy ("the Policy") issued by Plaintiff Western World Insurance Company. The policy provided that insurance coverage did not apply to property damage arising out of roofing operations involving torch, hot tar, wand, or similar heat processes. Western alleges that Airrington failed to notify Western that it would use torch, hot tar, wand, or similar processes during its roofing work.

On November 27, 2012, Western filed a complaint for declaratory judgment requesting that the Court determine it has no obligation under the Policy to defend and/or indemnify Airrington for any alleged damages arising out of the March 11, 2011 fire.

Separate from the instant action, the Halphins and Defendant AMCO Insurance Company ("AMCO")[3] filed suit for negligence against Airrington in the Circuit Court of Jackson County, Missouri. Defendant LTJ, however, who leased space in the Halphins' building, filed a crossclaim for damages against Airrington in this suit along with its answer to Western's complaint for declaratory judgment.

Western now maintains that LTJ's crossclaim should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 13(g).

**Standard**

Federal Rule of Civil Procedure 13(g) "Crossclaim Against a Coparty" states, in relevant part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for

---
[3] AMCO issued a business owners insurance policy to the Halphins for the Property.

all or part of a claim asserted in the action against the cross-claimant.

The Eight Circuit has not specifically addressed the standard courts should use in determining whether a crossclaim "arises out of the transaction or occurrence that is the subject matter of the original action." However, the Eighth Circuit has addressed this issue in the context of a compulsory counterclaim. In *Cochrane v. Iowa Beef Processors, Inc.*, the Eighth Circuit noted the following tests:

> (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
>
> (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
>
> (4) Is there any logical relation between the claim and the counterclaim?

596 F.2d 254, 264 (8th Cir. 1979) (citing 6 Wright and Miller, Federal Practice and Procedure s 1410).

Similarly, the Eighth Circuit has not addressed whether courts should allow a crossclaim for damages in an action for declaratory judgment on an insurance policy. However, several other courts have found that Rule 13(g)'s requirements for crossclaims are not met in declaratory judgment insurance actions. *See, e.g.*, *Podiatry Ins. Co. of Am. v. Falcone*, No. 3:10-1106, 2011 WL 1750708, at *2-4 (S.D.W. Va. Feb. 25, 2011) (finding that a state negligence claim could not be asserted through a crossclaim in a declaratory judgment action filed by an insurance company); *Aetna Ins. Co. v. Penn. Mfrs. Ass'n Ins. Co.*, 456 F. Supp. 627 (E.D. Pa. 1978) (same); *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 5 (W.D Okl. 1978) ("The original action is not concerned with whether or not negligence was committed in the accident which resulted in

injuries to the Daniels or the amount of their damages or any defenses raised to the Daniels' claims. The cross-claim is not . . . concerned with whether there is insurance protection for the Cross-Claim Defendants. Thus, the claims in the Daniels' Amended Cross-Claim did not arise out of the transaction or occurrence that is the subject matter of the original action."); *Fireman's Fund Ins. Co. v. Trobaugh*, 52 F.R.D. 31 (W.D. Okla. 1971) (holding crossclaim for negligence should not allowed in declaratory judgment action by insurer with respect to coverage); *Globe Indem. Co. v. Teixeira*, 230 F. Supp. 444, 448 (D. Haw. 1963) (same).

## Discussion

I. **LTJ's crossclaim does not arise out of the transaction or occurrence and is not related to any property that is the subject matter of the original action.**

The subject matter of Plaintiff's original action, and the counterclaim filed by Airrington against Plaintiff, involves the application of a commercial general liability policy issued by Plaintiff to Airrington. Plaintiff's primary contention is that it should not be required to defend and/or indemnify Airrington in the instant case because the insurance coverage provided under the Policy did not provide and/or excludes coverage for roofing operations involving torch, hot tar, wand or similar heat processes, which Airrington allegedly used at the time of the March 11, 2011 fire. LTJ's crossclaim, on the other hand, alleges that Airrington was negligent during its roofing work on the Property, resulting in extensive damage to LTJ's business.

LTJ first argues that Plaintiff is not a party to the crossclaim and therefore lacks standing to complain about it. However, subject matter is an issue that may be raised by the parties or the court on its own motion. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court shall dismiss the action."). Additionally, the Court's subject-matter jurisdiction over LTJ's crossclaim, like all crossclaims, is permissive not

compulsory. *Augustin v. Mughal*, 521 F.2d 1215, 1216 (8th Cir. 1975) (citing Fed. R. Civ. P. 13). Thus, the Court must consider whether jurisdiction over LTJ's crossclaim is appropriate.

LTJ's only argument is that the facts and issues of the declaratory judgment action and the negligence crossclaim are similar to one another. Specifically, LJT asserts that the Court will necessarily hear evidence of the cause of the fire and whether or not Airrington was roofing with hot tar which caused the fire. LTJ then concludes that its crossclaim is "logically related and arise[s] out of the same occurrence as [P]laintiff's claim in this case." However, aside from this conclusory statement, LTJ provides no other support or case law supporting its position.

The Court finds that there is not a significant enough connection between LTJ's crossclaim and the declaratory judgment action to find that LTJ's crossclaim arises from the same transaction or occurrence that is the subject matter of the original action.[4] First, there is little overlap of factual or legal issues between the declaratory judgment action and LTJ's crossclaim for negligence. Plaintiff seeks a declaratory judgment on the issue of whether it is liable to defend or indemnify Airrington under the Policy, which provides an exception to coverage in certain circumstances, for instance, if Airrington uses hot tar during its roofing work. However, to decide the declaratory judgment action, the Court does not need to determine whether Airrington was negligent in its work.

Similarly, to resolve LTJ's negligence claim, the Court must consider many issues not relevant to Plaintiff's declaratory judgment action. Specifically, the Court will have to consider whether Airrington used reasonable and ordinary care in its roofing work, whether Airrington performed its work in conformity with applicable industry standards, and whether Airrington complied with all building codes during its roofing.

---

[4] LTJ does not argue that its crossclaim relates to property that is the subject matter of the original action.

Moreover, the parties will use different evidence in supporting their claims. For Plaintiff's declaratory judgment action, the Court will look to the language of the insurance policy. For LTJ's crossclaim, the Court will need to consider Airrington's actions in constructing the roof and whether it undertook those actions negligently.

Finally, while there is some logical relationship between the claim and the crossclaim—both arise from Airrington's roofing work on the Halphins' building—the relationship is not strong enough to require adjudication of both in the same case. While LJT argues that dismissal of its crossclaim will require it to file a separate state court action, requiring Western to be a party to LTJ's negligence claim will cause Western to incur significantly greater time and expense litigating a claim that does not arise out of the same transaction or occurrence that is the subject of their original lawsuit.

## Conclusion

For the foregoing reasons, the Court holds that LTJ's crossclaim does not arise out of the same transaction or occurrence as the original action. Accordingly, Plaintiff's motion to dismiss the crossclaim is GRANTED.

**IT IS SO ORDERED.**

Dated: July 12, 2013   /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE