IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |  |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-CV-1397-W-DGK |
| DAVID HALPHIN, et al., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| JEFF D. LANDIS, individually and doing business as Combined Insurance Services, LLC, et al., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case concerns insurance coverage for a fire. Plaintiff Western World Insurance Company ("Western Insurance") is suing Airrington Roofing Guttering and Siding ("Airrington") for a declaratory judgment concerning the parties' insurance contract. Airrington has impleaded Third-Party Defendant Accident Insurance Company ("Accident Insurance") for breaching an insurance contract between those parties. Pending before the Court is Accident Insurance's Motion to Dismiss (Doc. 81). For the reasons articulated below, the Court GRANTS the motion.

**Background**

For the purposes of deciding this motion, the Court accepts as true the following facts alleged in Airrington's third-party complaint:

On March 11, 2011, a fire damaged a building in Grain Valley, Missouri owned by Defendants David and Crystal Halphin ("the Halphins"). The Halphins maintain that Airrington's faulty and negligent roofing work caused the fire.

Before starting work, Airrington sought insurance to cover any property damage that might arise out of its use of torch, hot tar, wand, and similar heat processes. Airrington approached an agent with Combined Insurance Services, LLC. The agent provided Airrington with two separate general liability insurance policies: one from Western Insurance ("the Western Policy"), and one from Accident Insurance ("the Accident Insurance Policy"). Airrington and Western Insurance dispute whether the Western Policy applied to property damage arising out of roofing operations involving torch, hot tar, wand, or similar heat processes. Similarly, Airrington and Accident Insurance dispute whether the Accident Insurance Policy covered property damage resulting from those heat processes.

On November 27, 2012, Western Insurance filed a complaint for a declaratory judgment that it owes no obligation under the Western Policy to defend or indemnify Airrington for damages arising out of the fire (Doc. 1). On August 13, 2013, Airrington filed a third-party complaint against Accident Insurance, alleging that Accident Insurance breached the Accident Insurance Policy by refusing to defend or indemnify it for liability it might owe for the fire (Doc. 39).

Accident Insurance now moves to dismiss Airrington's third-party complaint against it.

## Discussion

Accident Insurance argues that Airrington's third-party complaint is procedurally improper under the Federal Rule of Civil Procedure governing impleaders, because Airrington's third-party claim against Accident Insurance is not derivative of Western Insurance's claim

2

against Airrington. Airrington responds that its claim is derivative because if Western Insurance prevails on its claim, then it will be damaged unless Accident Insurance pays out. The Court agrees with Accident Insurance that Airrington's claim is not properly brought in this case because the main claim and the third-party claim are not derivative.

Rule 14 allows a defendant to implead "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The defendant, also referred to in this context as the third-party plaintiff, may assert only those claims which are "in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). In other words, the third-party plaintiff's claim "must be for losses sustained by that party *as a result of plaintiff's claim*"—that is, "derivative liability situations." *Advanced Lipo Dissolve Ctr., LLC v. Karkkainen*, No. 4:06-CV-199-CAS, 2007 WL 844822, at *3 (E.D. Mo. Mar. 19, 2007). It is not enough for the third-party plaintiff's claim to arise out of "the same general set of facts as the main claim." *Mattes*, 323 F.3d at 698.

Airrington's third-party claim fails to satisfy Rule 14 because Accident Insurance is not a party who can be liable for any part of Western Insurance's claim against Airrington. *See* Fed. R. Civ. P. 14(a)(1). Western Insurance's claim against Airrington is for a declaratory judgment that the Western Policy either does not cover the fire, or is void based on misrepresentations made by Airrington when it entered into the Western Policy. Airrington's claim against Accident Insurance, on the other hand, is for breach of contract on the Accident Insurance Policy for failing to indemnify and defend Airrington for losses arising out of the fire. Because the two policies are wholly distinct contracts issued by distinct insurers, whether the Court eventually finds the Western Policy applies to the fire or not has no bearing on whether Accident Insurance performed its obligations under the Accident Insurance Policy. *See Mattes*, 323 F.3d at 698–99

3

(holding invalid an impleader against a third-party defendant based on a loan to the third-party plaintiff to purchase a business, when the main claim involved a separate real estate lease). Rather, any losses suffered by Airrington because Western Insurance denied coverage would not be caused by Accident Insurance's actions. *See Advanced Lipo Dissolve Ctr.*, 2007 WL 844822, at *3. The only similarity between the two insurance policies is factual, not legal, which is insufficient to sustain an impleader. *See Mattes*, 323 F.3d at 698.

Although Airrington urges a liberal construction of Rule 14 to "avoid[] circuity of actions and multiplicity of suits, and further[] judicial economy" (Doc. 86, at 5), these concerns fail to overcome the Rule's requirement of derivation. Accordingly, Accident Insurance was improperly impleaded. The Court dismisses Airrington's third-party complaint against Accident Insurance.

## Conclusion

For the reasons discussed above, the Court GRANTS Accident Insurance's Motion to Dismiss (Doc. 81).

**IT IS SO ORDERED.**

Date: July 28, 2014                     /s/ Greg Kays
                                                               GREG KAYS, CHIEF JUDGE
                                                               UNITED STATES DISTRICT COURT